IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| v. | : | CRIMINAL NO. 07-049 |
| MICHAEL D'ELIA | : | |

GOVERNMENT'S CHANGE OF PLEA MEMORANDUM

I.   Introduction

On January 31, 2007, the United States Attorney filed an information charging defendant Michael D'Elia with one count of money laundering and aiding and abetting, in violation of 18 U.S.C. §§ 1957 and 2. These charges arise from defendant's role in a scheme to launder money that was fraudulently obtained via a loan through the United States Small Business Administration ("SBA"). Defendant has signed a plea agreement with the government and is scheduled to appear before United States District Judge R. Barclay Surrick on February 21, 2007 at 2 p.m.

II.   Plea Agreement

The government and defendant have reached a plea agreement in which the defendant will plead guilty to this information. A copy of the plea agreement is attached to this memorandum. The key provisions of this agreement provide that defendant will: (1) plead guilty to the information; (2) cooperate with this and other criminal investigations; (3) pay a fine and restitution as directed by the Court; and, (4) expressly waive all rights to appeal or collaterally attack the his conviction, sentence, or any other matter relating to this prosecution,

1

whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law, unless, either, (a) the government appeals from the sentence or (b) there is an illegal sentence as outlined in paragraph 11 of the plea agreement.

Should the government, in its sole discretion, determine that defendant has fulfilled his obligations under the plea agreement, the government will: (1) make the nature and extent of the defendant's cooperation known to the Court; and (2) move for departure from the Sentencing Guidelines pursuant to USSG § 5K1.1. No determination has yet been made as to the defendant's eligibility for a § 5K1.1 motion and the government may refuse to file a § 5K1.1 motion if this plea agreement is breached in any way, including the commission of a crime after the date of this agreement.

In exchange for this agreement, the government agree to and/or stipulate that:

(1) the fraud loss in furtherance of the criminal activity jointly undertaken by the defendant and co-schemers was $80,141.55; this amount was within the scope of the defendant's agreement; this amount was reasonably foreseeable to the defendant in connection with the scheme; and the defendant's Guideline range should be calculated based on this amount pursuant to USSG §§ 1B1.3, 2B1.1(b)(1)(D); (2)

(2) the defendant has demonstrated acceptance of responsibility for his offense making the defendant eligible for a 2-level downward adjustment under USSG § 3E1.1(a).

(3) as of the date of this agreement, the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying the government of his intent to plead guilty, thereby permitting the government to avoid preparing for trial and

permitting the government and the court to allocate their resources efficiently, resulting in a 1-level downward adjustment under USSG § 3E1.1(b).

(4) the government will make a sentencing recommendation within the applicable guideline range.

III.   Essential Elements of the Offense

**Wire Fraud**

To prove a violation of § 1957, the United States must prove the following three elements beyond a reasonable doubt:

1. The defendant engaged, or attempted to engage, in a monetary transaction affecting interstate commerce in criminally derived property of a value greater than $10,000;

2. The property was derived from a specified unlawful activity; and

3. The defendant acted knowingly.

See 3 Sand, et al., Modern Federal Jury Instructions ¶ 50A.06 at 50A-26 (1998 ed.); United States v. Cefaratti, 221 F.3d 502, 508 (3d Cir. 2000); United States v. Sokolow, 91 F.3d 396, 408 (3d Cir. 1996); see also United States v. Aramony, 88 F.3d 1369, 1385 (4th Cir. 1996).

IV.     Maximum Penalty

The maximum penalties for the charge in the Information is as follows:

18 U.S.C. § 1957 (money laundering) – 10 years in prison; $250,000 fine; 3 years of supervised release; and a $100 special assessment. Full restitution may also be ordered.

V.     Factual Basis for the Plea

If this case were to proceed to trial, the government would prove each and every element of the offenses beyond a reasonable doubt. The government would introduce evidence through witnesses, documents, and other evidence that, on or about January 6, 2005, defendant accepted a wire transfer of $80,141.55 from a Pennsylvania bank to defendant's New York bank. This money represented a portion of the proceeds of an SBA-guaranteed loan that an individual referred to as "GL" had fraudulently obtained, with defendant's assistance. In order to avoid a record of direct payment, and any tax liability to GL, defendant agreed to receive this money and repay it over time and primarily in cash to GL. Defendant knew that the wire transfer represented the proceeds of an unlawful activity, that is, wire fraud.

Respectfully Submitted,

PATRICK L. MEEHAN
United States Attorney

_____
DEREK A. COHEN
Assistant United States Attorney

Date: February 8, 2007

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| v. | : CRIMINAL NO. |
| **MICHAEL D'ELIA** | : |

## GUILTY PLEA AGREEMENT

Under Federal Rule of Criminal Procedure 11, the government, the defendant, and the defendant's counsel enter into the following guilty plea agreement. Any reference to the United States or the government in this agreement shall mean the Office of the United States Attorney for the Eastern District of Pennsylvania.

1. The defendant agrees to plead guilty to Count One of an information, waiving prosecution by indictment, charging him with money laundering and aiding and abetting, in violation of 18 U.S.C. §§ 1957 and 2, arising from defendant's role in a scheme to launder the proceeds of a fraudulent loan. The defendant further acknowledges his waiver of rights, as set forth in the attachment to this agreement.

2. The defendant agrees to pay the special victims/witness assessment in the amount of $100 before the time of sentencing and shall provide a receipt from the Clerk to the government before sentencing as proof of this payment.

3. The defendant agrees to pay a fine and to make restitution and/or forfeiture as directed by the Court. The defendant further agrees that forfeiture, restitution, fine, assessment, tax, interest or other payments in this case do not constitute extraordinary acceptance

of responsibility or provide any basis to seek a downward departure from the applicable Sentencing Guidelines range.

4. The defendant agrees to cooperate fully and truthfully with the government as follows:

    a. Defendant agrees to provide truthful, complete and accurate information and testimony. The defendant understands that if he testifies untruthfully in any material way he can be prosecuted for perjury.

    b. Defendant agrees to provide all information concerning his knowledge of, and participation in, the offenses alleged in the information and any other crimes about which he has knowledge. The defendant further understands and agrees that: (i) all information and cooperation provided after signing this agreement may be used for any purpose, including sentencing, and is not governed by any prior off-the-record proffer letter; and (ii) as of the date of the defendant's entry of a guilty plea, all information provided under any prior off-the-record proffer letter may be used for any purpose, including sentencing, and is not governed by any prior off-the-record proffer letter. This paragraph is subject to the provisions of paragraph 9 referring to USSG § 1B1.8.

c.  Defendant agrees that he will not falsely implicate any person or entity and he will not protect any person or entity through false information or omission.

d.  Defendant agrees to testify truthfully as a witness before any grand jury, hearing, or trial when called upon to do so by the government.

e.  Defendant agrees to hold himself reasonably available for any interviews as the government may require.

f.  Defendant agrees to provide all documents or other items under his control or which may come under his control which may pertain to any crime.

g.  Defendant understands that his cooperation shall be provided to any federal or other law enforcement agency as requested by the government.

h.  To enable the Court to have the benefit of all relevant sentencing information, the defendant waives any rights to a prompt sentencing, and will join any request by the government to postpone sentencing until after his cooperation is complete.

i.  Defendant agrees and understands that this agreement requires that his cooperation regarding any matter about which the defendant has knowledge as of the date of sentencing may continue even after the time that the defendant is sentenced. The defendant agrees that if the government determines that the defendant has failed to

       cooperate: the sentence may be set aside at the government's request; any charges that were dismissed under this agreement shall be reinstated upon motion of the government; any prosecution may be based on and use any information provided by the defendant during the course of cooperation; and the government may withdraw any departure motion filed under USSG § 5K1.1, 18 U.S.C. § 3553(e) and/or Rule 35.

j.   Defendant understands that it is a condition and obligation of this cooperation agreement that the defendant not commit any additional crimes after the date of this agreement.

k.   Defendant agrees that if the government determines that the defendant has not provided full and truthful cooperation, or has not provided full and truthful information about the defendant's assets, income and financial status, or has committed any federal, state or local crime between the date of this agreement and his sentencing, or has otherwise violated any other provision of this agreement, then the government may at its option: (a) prosecute the defendant for any federal crime including, but not limited to, perjury, obstruction of justice, and the substantive offenses arising from this investigation, based on and using any information provided by the defendant during the course of cooperation; (b) upon government motion, reinstate and try the defendant on any counts which were to

    be, or which had been, dismissed, based on and using any information provided by the defendant during the course of cooperation; (c) decline to file any motion under USSG § 5K1.1, 18 U.S.C. § 3553(e) and/or Rule 35; (d) be relieved of any obligations under this agreement regarding recommendations as to sentence; and (e) be relieved of any stipulations under the Sentencing Guidelines. Moreover, the defendant's previously entered guilty pleas will stand and cannot be withdrawn by him.

  1. The decision both as to whether the defendant has violated the terms of this agreement and the election of a remedy or remedies will be in the sole discretion of the government. The defendant understands and agrees that the fact that the government has not asserted a breach of this agreement or enforced a remedy under this agreement will not bar the government from raising that breach or enforcing a remedy at a later time.

  5. Defendant waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

  6. If the government in its sole discretion determines that the defendant has fulfilled all of his obligations of cooperation as set forth above, at the time of sentencing, the government will:

a. Make the nature and extent of the defendant's cooperation known to the Court.

b. Move for departure from the Sentencing Guidelines pursuant to USSG § 5K1.1 if the government, in its sole discretion, determines that the defendant has provided complete and substantial assistance in the investigation or prosecution of another person who has committed an offense, including testifying at any trial or proceeding as required. The defendant understands and agrees that: (1) the government will exercise its sole discretion regarding whether and how to investigate any information provided by the defendant; (2) as of the date of this agreement no determination has been made as to the defendant's eligibility for a § 5K1.1 motion; and (3) the government may refuse to file a § 5K1.1 motion if this plea agreement is breached in any way, including the commission of a crime after the date of this agreement. Finally, the defendant understands and agrees that the filing of such motion will not obligate the government to recommend a downward departure from the sentencing guidelines.

c. Make whatever sentencing recommendation as to imprisonment, fines, forfeiture, restitution and other matters which the government deems appropriate.

      d.    Comment on the evidence and circumstances of the case; bring to the Court's attention all facts relevant to sentencing including evidence relating to dismissed counts, if any, and to the character and any criminal conduct of the defendant; address the Court regarding the nature and seriousness of the offense; respond factually to questions raised by the Court; correct factual inaccuracies in the presentence report or sentencing record; and rebut any statement of facts made by or on behalf of the defendant at sentencing.

      e.    Nothing in this agreement shall limit the government in its comments in, and responses to, any post-sentencing matters.

7.    The defendant understands, agrees and has had explained to him by counsel that the Court may impose the following statutory maximum sentence: Count One (money laundering), 10 years imprisonment, a 3 year period of supervised release, a $250,000 fine, and a $100 special assessment. Full restitution of as much as $80,141.55 also may be ordered. Forfeiture of all proceeds from the offense also may be ordered.

The defendant further understands that supervised release may be revoked if its terms and conditions are violated. When supervised release is revoked, the original term of imprisonment may be increased by up to 5 years per count of conviction in the case of Class A felonies, 3 years per count of conviction in the case of Class B felonies, 2 years per count of conviction in the case of Class C and D felonies, and 1 year per count of conviction in the case of class E felonies and misdemeanors. Thus, a violation of supervised release increases the possible

period of incarceration and makes it possible that the defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.

8. The defendant may not withdraw his plea because the Court declines to follow any recommendation, motion or stipulation by the parties to this agreement. No one has promised or guaranteed to the defendant what sentence the Court will impose.

9. The parties agree under Guideline Section 1B1.8 that statements and information provided by the defendant after the defendant began to cooperate with the government, including off-the-record proffer statements and information, and not otherwise known to the government prior to the execution of this agreement, will not be used in determining the applicable sentencing guideline range for both imprisonment and financial penalties, except that: (a) it may be used as provided in Section 1B1.8(b), including its use in making a decision about where within the Guideline range the defendant should be sentenced and in determining whether, and to what extent, a downward departure from the Guidelines sentence is warranted under Guideline Section 5K1.1 or Criminal Rule 35; and (b) should the defendant make representations at sentencing, either through testimony or counsel's statements, that are materially different from the information provided under this agreement, the government may cross-examine the defendant, offer rebuttal evidence and make representations based on this information. This paragraph does not apply to any criminal acts, or any other acts affecting any Guideline calculation, committed after the defendant began to cooperate with the government on October 5, 2006.

10. Pursuant to USSG § 6B1.4, the parties enter into the following stipulations

under the Sentencing Guidelines Manual effective November 1, 2005. It is understood and agreed that: (1) the parties are free to argue the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics, criminal history, and adjustments; (2) these stipulations are not binding upon either the Probation Department or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed:

(a) The parties agree and stipulate that $80,141.55 was the fraud loss caused in furtherance of the criminal activity jointly undertaken by the defendant and co-schemers; this amount was within the scope of the defendant's agreement; this amount was reasonably foreseeable to the defendant in connection with the scheme; and the defendant's Guideline range should be calculated based on this amount pursuant to USSG § 1B1.3.

(b) The parties agree and stipulate that they will not seek either an upward or a downward departure under the Sentencing Guidelines, other than pursuant to Section 5K1.1 as provided above.

(c) The parties agree and stipulate that, as of the date of this agreement, the defendant has demonstrated acceptance of responsibility for his offense making the defendant eligible for a 2-level downward adjustment under USSG § 3E1.1(a).

(d) The parties agree and stipulate that, as of the date of this agreement, the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying the government of his intent to plead guilty, thereby permitting the government to

avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, resulting in a 1-level downward adjustment under USSG § 3E1.1(b).

11. In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. This waiver is not intended to bar the assertion of constitutional claims that the relevant case law holds cannot be waived.

    a. Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of his sentence.

    b. If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal but may raise only claims that:

        (1) the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth in paragraph 7 above;

        (2) the sentencing judge erroneously departed upward pursuant to the Sentencing Guidelines; or

        (3) the sentencing judge, exercising the Court's discretion pursuant to United States v. Booker, 125 S. Ct. 738 (2005),

>> imposed an unreasonable sentence above the final Sentencing Guideline range determined by the Court.

If the defendant does appeal pursuant to this paragraph, no issue may be presented by the defendant on appeal other than those described in this paragraph.

12. The defendant's rights under this agreement shall in no way be dependent upon or affected by the outcome of any case in which he may testify.

13. The defendant is satisfied with the legal representation provided by the defendant's lawyer; the defendant and this lawyer have fully discussed this plea agreement; and the defendant is agreeing to plead guilty because the defendant admits that he is guilty.

14.  It is agreed that the parties' guilty plea agreement contains no additional promises, agreements or understandings other than those set forth in this written guilty plea agreement, and that no additional promises, agreements or understandings will be entered into unless in writing and signed by all parties.

PATRICK L. MEEHAN
United States Attorney

_____
MICHAEL D'ELIA
Defendant

_____
LINDA DALE HOFFA
Chief, Criminal Division
Assistant United States Attorney

_____
NORRIS GELMAN
Counsel for Defendant

_____
DEREK A. COHEN
Assistant United States Attorney

Date: December      , 2006

Attachment

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA         :

      v.                                 :        CRIMINAL NO.

MICHAEL D'ELIA                   :

## ACKNOWLEDGMENT OF RIGHTS

I hereby acknowledge that I have certain rights that I will be giving up by pleading guilty.

1. I understand that I do not have to plead guilty.

2. I may plead not guilty and insist upon a trial.

3. At that trial, I understand

   a. that I would have the right to be tried by a jury that would be selected from the Eastern District of Pennsylvania and that along with my attorney, I would have the right to participate in the selection of that jury;

   b. that the jury could only convict me if all twelve jurors agreed that they were convinced of my guilt beyond a reasonable doubt;

   c. that the government would have the burden of proving my guilt beyond a reasonable doubt and that I would not have to prove anything;

   d. that I would be presumed innocent unless and until such time as the jury was convinced beyond a reasonable doubt that the government had proven that I was guilty;

   e. that I would have the right to be represented by a lawyer at this trial and at any appeal following the trial, and that if I could not afford to hire a lawyer, the court would appoint one for me free of charge;

   f. that through my lawyer I would have the right to confront and cross examine the witnesses against me;

   g. that I could testify in my own defense if I wanted to and I could subpoena witnesses to testify in my defense if I wanted to;

    h.  that I would not have to testify or otherwise present any defense if I did not want to and that if I did not present any evidence, the jury could not hold that against me.

  4.  I understand that if I plead guilty, there will be no trial and I would be giving up all of the rights listed above.

  5.  I understand that if I decide to enter a plea of guilty, the judge will ask me questions under oath and that if I lie in answering those questions, I could be prosecuted for the crime of perjury, that is, for lying under oath.

  6.  I understand that if I plead guilty, I have waived my right to appeal, except as set forth in appellate waiver provisions of my plea agreement.

  7.  Understanding that I have all these rights and that by pleading guilty I am giving them up, I still wish to plead guilty.


_____
MICHAEL D'ELIA
Defendant


_____
NORRIS GELMAN
Counsel for the Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Government's Change of Plea Memorandum has been served via facsimile upon:

Norris Gelman, Esq.
620 Chestnut Street - Suite 940
Philadelphia, Pennsylvania 19106

_____
DEREK A. COHEN
Assistant United States Attorney

Date: February 8, 2007